UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TINA RICE-HARRIS, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | _____ |
| ) | |
| TINA RICE-HARRIS, ) | 17 C 6489 |
| ) | |
| Appellant, ) | Judge Gary Feinerman |
| ) | |
| vs. ) | Appeal from: No. 17 B 22158 |
| ) | |
| FIRST FEDERAL SAVINGS BANK, ) | |
| ) | |
| Appellee. ) | |

**M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>**

Tina Rice-Harris appeals the bankruptcy court's denial of her motion to extend the thirty-day automatic stay authorized by 11 U.S.C. § 362(c)(3)(A). Doc. 1. The bankruptcy court's ruling is affirmed.

**Background**

**A.    Facts**

The following facts are not in dispute. Rice-Harris married Matthew Harris in March 2013. Doc. 12-1 at 120. Approximately a year earlier, Harris had purchased in fee simple a property located at 1100 West Chestnut Street in Chicago (the "Property"). *Id*. at 94. Harris financed the purchase with a $680,100 promissory note from First Federal Savings Bank secured by the Property. *Ibid*.

In September 2014, Harris executed a quitclaim deed, transferring the Property to himself and Rice-Harris as tenants by the entirety. *Id*. at 95, 122-24. When Harris died, Rice-Harris became the sole owner of the Property through the right of survivorship. *Id*. at 111. Rice-Harris

1

continues to live on the Property, but because she was not a signatory to the promissory note, she has no personal financial obligation to First Federal. *Id*. at 95; Doc. 12-2 at 35. On April 3, 2015, after the note went into default, First Federal filed a foreclosure suit in the Circuit Court of Cook County, Illinois. Doc. 12-1 at 95. Judgment against the Property, but not Rice-Harris personally, entered in that case on October 27, 2016. *Ibid*.; Case No. 17 B 2304 (Bankr. N.D. Ill.), Dkt. 17-1.

Rice-Harris filed her first Chapter 13 petition on January 26, 2017—the day the redemption period associated with the state court foreclosure proceeding expired. Doc. 12-1 at 90, 113; Doc. 12-2 at 29; Case No. 17 B 2304 (Bankr. N.D. Ill.), Dkt. 1, Dkt. 17 at 5. On May 23, 2017, the bankruptcy court granted the Chapter 13 trustee's motion to dismiss the case under 11 U.S.C. § 1307(c)(1) for Rice-Harris's "unreasonable delay" in providing her creditors with the required "business packet and statement of financial affairs." Case No. 17 B 2304 (Bankr. N.D. Ill.), Dkts. 24, 30. On July 25, 2017, Rice-Harris filed her second Chapter 13 petition, which is the subject of this appeal. Doc. 12-1 at 8.

B.     **Statutory Scheme**

With certain exceptions, filing a bankruptcy petition "operates as a stay, applicable to all entities, of … any act to … enforce against property of the debtor any lien … [that] secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5). Ordinarily, the stay remains in place for the duration of the bankruptcy proceeding—that is, until the time the case is closed or dismissed or a discharge is granted, whichever comes first. *See id*. § 362(c)(2). The Bankruptcy Code, however, limits the automatic stay's length for certain categories of repeat filers. As relevant here, when a debtor files a subsequent petition after having a "case … pending within the preceding 1-year period … dismissed," the automatic stay lasts for only thirty days. *Id*. § 362(c)(3)(A); *see In re Paulino*, 2014 WL 5358409, at *1 (Bankr. S.D.N.Y. Oct. 20,

2

2014) ("§ 362(c)(3) of the Bankruptcy Code provides that a debtor loses the protection of the automatic stay after 30 days in a case filed within 12 months of the dismissal of an earlier proceeding."). The Code nevertheless permits a "party in interest," including the debtor, to move for an extension "before the expiration of the 30-day period," but "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B); *see In re Roberts*, 2015 WL 7257918, at *2 (D. Haw. Nov. 16, 2015) ("The bankruptcy court may extend the thirty-day stay if a party files a timely motion showing that the second bankruptcy case was filed in good faith.").

In certain circumstances, the Code imposes a presumption, rebuttable by "clear and convincing evidence to the contrary," that the subsequent filing was not made in good faith. 11 U.S.C. § 362(c)(3)(C). As relevant here, the presumption applies in the case of a debtor whose "previous case … was dismissed within … [the preceding] 1-year period, after the debtor failed to … file or amend the petition or other documents as required by this title or the court without substantial excuse." *Id*. § 362(c)(3)(C)(II)(aa); *see Marshall v. Blake*, __ F.3d __, 2018 WL 1417550, at *13 (7th Cir. Mar. 22, 2018) ("Blake filed a previous bankruptcy case that was dismissed within one year of the filing of this matter due to Blake's failure to make plan payments. As a result, this case was presumed to have been filed in bad faith. To rebut this presumption and extend the automatic bankruptcy stay at the outset of this case, Blake had to provide clear and convincing evidence that this case was filed in good faith.") (citation and internal quotation marks omitted). The presumption also applies if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case." 11 U.S.C. § 362(c)(3)(C)(III); *see In re Gibas*, 543 B.R. 570, 596-97 (Bankr. E.D. Wis. 2016) (discussing the statutory scheme).

3

### C. Procedural History

On July 27, 2017, two days after filing her second Chapter 13 petition, Rice-Harris moved under § 362(c)(3)(B) to extend the thirty-day automatic stay. Doc. 12-1 at 9, 87-92. In her affidavit accompanying the motion, Rice-Harris averred that she "intend[ed] to put the Property on the Market in April 2018 and expect[ed] to close on a sale prior to the end of June 2018. … [T]he net proceeds from the sale of the Property will be in excess of the claim held by First Federal Savings Bank." *Id*. at 92. Rice-Harris added that this second Chapter 13 proceeding "was filed in good faith. I have retained different bankruptcy counsel from [the earlier case], and have put forth a plan which I believe will repay my creditors in an appropriate and responsible manner." *Ibid*. After First Federal objected to Rice-Harris's motion, *id*. at 94-102, the bankruptcy court held hearings on August 3 and August 10, Doc. 12-2 at 1, 13.

At the August 10 hearing, the bankruptcy court orally denied Rice-Harris's motion for two independent reasons. *Id*. at 22. First, the court held that because Rice-Harris's right of redemption under state law had expired, she no longer had an ownership interest in the Property, which was therefore no longer property of the bankruptcy estate. *Id*. at 20-21. Second, after noting that the § 362(c)(3)(C) presumption (that her second petition was not filed in good faith) applied "as a result of the dismissal of [her] prior Chapter 13 case" for failure to provide creditors with required documents, the court held that Rice-Harris had not "rebutted that presumption by clear and convincing evidence." *Id*. at 23. The court also held that there had been no "change … in the financial or personal affairs of the debtor since the dismissal of the prior case … sufficient to rebut the presumption." *Ibid*. The court, however, permitted Rice-Harris to file additional briefing on the question whether she still had a cognizable interest in the Property despite the expiration of the redemption period. *Id*. at 25-26.

4

At a third and final hearing on August 24, the bankruptcy court first held, in light of *Colon v. Option One Mortgage Corp.*, 319 F.3d 912 (7th Cir. 2003), that it had incorrectly concluded at the August 10 hearing that Rice-Harris did not have an ownership interest in the Property. Doc. 12-2 at 28-30. The court nevertheless reaffirmed its earlier holding that Rice-Harris had failed to rebut the § 362(c)(3)(C) presumption by clear and convincing evidence. *Id*. at 32-34. Relying on *In re Love*, 957 F.2d 1350 (7th Cir. 1992), the court looked to the "totality of the circumstances" surrounding her second bankruptcy petition. *Id*. at 31. The court considered these factors from *Love*: "the timing of the petition, how the debt arose, the debtor's motive in filing the petition, and how the debtor's actions affect[] its creditors." *Ibid*. The court also considered the following additional factors: "why the debtor's prior case was dismissed, including the debtor's conduct in that case, the likelihood that the debtor will have a steady income throughout the bankruptcy case, and whether she can properly fund the plan, whether the debtor's circumstances have changed since the prior dismissal, and whether the trustee or creditors have objected to the debtor's motion." *Id*. at 31-32 (citing *Gibas*, 543 B.R. at 598).

Applying these factors, the bankruptcy court found, first, that Rice-Harris's "essential purpose [in] filing this new case was to impose the stay in order to delay the foreclosure action by First Federal significantly, not in order to save her home to provide a roof over her head or to give her a fresh start, but, rather, to sell it in hopes of obtaining a profit." *Id*. at 33. Second, the court found that Rice-Harris had provided no "guarantee" as to when the Property would be sold, "or that it will sell for the amount she currently claims its worth." *Ibid*. Third, the court found that Rice-Harris "ha[d] not shown there was a substantial change in her financial affairs since the dismissal of the prior case." *Id*. at 34. Based on these findings, the court held that the "totality of the circumstances does not show by clear and convincing evidence that this case was filed in

good faith as to this particular creditor," *id*. at 34, and thus denied Rice-Harris's motion to extend the stay.

Rice-Harris then filed this timely appeal. Doc. 1.

**Discussion**

The sole question on appeal is whether the bankruptcy court erred in denying Rice-Harris's § 362(c)(3)(B) motion to extend the thirty-day automatic stay on the ground that she had not rebutted by clear and convincing evidence the § 362(c)(3)(C) presumption that she had not filed her second Chapter 13 petition in good faith.

The parties agree that this court reviews for clear error the bankruptcy court's finding that Rice-Harris did not act in good faith, and they further agree that *Love*'s totality of the circumstances test governs that determination. Doc. 12 at 9, 17-18; Doc. 14 at 10, 17; *see Love*, 957 F.2d at 1353-54 (upholding a bankruptcy court ruling under 11 U.S.C. § 1307(c) "[b]ecause the bankruptcy court appropriately applied the totality of circumstances test in making its good faith determination, and because it was not clearly erroneous for the bankruptcy judge to find that Love lacked good faith in filing the Chapter 13 petition").[*] Moreover, this court reviews for abuse of discretion the bankruptcy court's decision not to extend the automatic stay. *See Colon*,

---

[*] The parties' agreement regarding *Love* is sound. It is true that *Love* did not construe the term "good faith" within the meaning of § 362(c), but rather arose under § 1307(c), which gives a bankruptcy court discretion to "convert a case under [Chapter 13] to a case under chapter 7" or to dismiss it, "whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c); *see Love*, 957 F.2d at 1354. As *Love* explained, however, although "Chapter 13 does not explicitly contain a good faith requirement for the filing of a petition," because the Seventh Circuit has held "that lack of good faith is sufficient cause for dismissal" under § 1307(c), an initial Chapter 13 petition may nevertheless be subject to an *implicit* "good faith determination." *Id*. at 1354-55. Given that § 362(c)(3)(B) *explicitly* subjects repeat Chapter 13 filers seeking an extension of the automatic stay to a good faith determination, the *Love* totality of the circumstances test applies here.

319 F.3d at 916 ("The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion."); *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998) ("[T]he bankruptcy court has discretion whether and to what extent it will grant relief from the stay, so our review is limited to whether the court abused that discretion.").

It was not clearly erroneous for the bankruptcy court to find, applying *Love*'s totality of the circumstances test, that Rice-Harris did not act in good faith in filing her second bankruptcy petition. On appeal, Rice-Harris does not dispute that § 362(c)(3)(C)'s rebuttable presumption applies to her, Doc. 12 at 19, nor does she explain why she did not provide the requisite materials to her creditors in the first bankruptcy proceeding, resulting in the dismissal of that case. Rather, Rice-Harris contends that, in the second proceeding, she "provided the Bankruptcy Court with a great deal of uncontroverted and uncontested information supporting [her] requested relief." *Id*. at 16. That evidence, according to Rice-Harris, included:

> (i) an affidavit … as to the change in her personal affairs since the filing of the Prior Case, (ii) proof that the property was transferred from Matthew Harris to [Rice-Harris] while they were legally married, (iii) [First Federal's] admission that the value of its claim secured by the Property was approximately $800,000.00, (iv) an appraisal dated August 22, 2016, evidencing the value of the property was $1,000.000.00 [sic], (v) a chapter 13 plan which proposed to market and sell the Property, and pay 100% of the claims held by [First Federal] and the Bankruptcy Estate, and (vi) the presence of [Rice-Harris] during each hearing before the Bankruptcy Court with an offer to elicit testimony in support of the Motion to Extend Stay.

*Id*. at 16-17.

None of that evidence is sufficient to overturn the bankruptcy court's finding that Rice-Harris did not rebut by clear and convincing evidence the presumption that she did not file her second bankruptcy petition in good faith. "Under [the clear error] standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of

7

fact." *Love*, 957 F.2d at 1354. The evidence Rice-Harris points to on appeal does not address the bankruptcy court's principal findings of fact—that (1) her motivation in filing the second petition was to extract a profit from the sale of her property, and (2) that she had provided no guarantee as to when the property would be sold. Doc. 12-2 at 33. Nothing about her husband's motivations in transferring the property, the value of First Federal's claim, the value of the Property, the fact that her proposed plan would (at least on her account) make First Federal whole, or her attendance during court proceedings are relevant to those findings.

Moreover, the reasons the bankruptcy court gave for its factual findings are "plausible in light of the record viewed in its entirety." *Love*, 957 F.2d at 1354. Rice-Harris's undisputed failure to provide required documentation to her creditors in the first bankruptcy proceeding strongly suggests that her motivations in again filing for bankruptcy were to "frustrate [her] mortgage lender['s] attempts to exercise [its] foreclosure rights, rather than to pay off creditors via the relief afforded by chapter 13." *Gibas*, 543 B.R. at 598. Likewise, Rice-Harris's proposal in July 2017 to sell the Property in April 2018 and "to close on a sale prior to the end of June 2018," Doc. 12-1 at 92, contained no commitment mechanism to assure First Federal that, in light of her prior conduct, she would follow through this time, nor that, as the bankruptcy court emphasized, the Property "[would] sell for the amount she currently claims it's worth," Doc. 12-2 at 33.

Rice-Harris contends that, contrary to the bankruptcy court's finding, she successfully demonstrated a "change in her personal affairs since the filing of the Prior Case." Doc. 12 at 16. But the only record evidence on this point is Rice-Harris's affidavit accompanying her motion to extend the automatic stay. As noted, Rice-Harris averred in that affidavit that she had hired a new lawyer after the dismissal of her first petition and was now willing to sell the Property. Doc.

8

12-2 at 92. But although Rice-Harris's conduct perhaps reflects a new seriousness of purpose, it does not undermine the bankruptcy court's conclusion that there had been no "substantial change in her financial affairs since the dismissal of the prior case." Doc. 12-2 at 34; *compare In re Kalpakis*, 2017 WL 3600645, at *4 (Bankr. E.D.N.Y. Aug. 18, 2017) (denying a motion to extend a stay where "[t]he only change in circumstances following dismissal of the First Case is Debtor's desire to continue to use or have access to the Property"), *with In re Forletta*, 397 B.R. 242, 243, 245 (Bankr. E.D.N.Y. 2008) (finding that the debtor had rebutted the § 362(c)(3)(C) presumption where she had shown that her boyfriend, with whom she had "reconciled," would "provid[e] her with approximately $4,000 per month which she [would] use toward funding the Plan" and that she would "rent[] out a portion of her home for $2,000 per month"); *In re Castaneda*, 342 B.R. 90, 95 (Bankr. S.D. Cal. 2006) ("Here, Debtor's personal and financial affairs have substantially improved since the dismissal of her Prior Case. At that time, Debtor was unable to make the plan payments because she had lost her daughter's income. Debtor's son has now agreed to give his mother $500 monthly for the duration of her plan so she can make her plan payments. The additional income substantially improves Debtor's personal and financial affairs since the dismissal of her Prior Case.") (internal quotation marks omitted).

Given that the bankruptcy court did not clearly err in finding that Rice-Harris had not rebutted the § 362(c)(3)(C) presumption, it was not an abuse of discretion for the court to deny her motion to extend the automatic stay. Rather, because § 362(c)(3)(B) makes filing in good faith a requirement for obtaining a stay extension, the bankruptcy court rightly concluded that Rice-Harris was entitled to no more than the thirty-day stay for which the statute provides. *See* 11 U.S.C. § 362(c)(3)(B) ("[O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court *may* extend the stay in particular cases as

to any or all creditors … *only if* the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.") (emphasis added).

## Conclusion

The bankruptcy court's denial of Rice-Harris motion to extend the automatic stay is affirmed.

April 12, 2018

_____
United States District Judge